UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SANDY PICHARDO, | ) | CASE NO.  4:06 CV 0352 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| WARDEN SNIEZEK, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On February 14, 2006, pro se petitioner Sandy Pichardo filed the above-captioned

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Pichardo, who is incarcerated

at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against

Warden Sniezek at F.C.I. Elkton.  The petitioner asserts that the court convicted him of a crime of

which he is "actually innocent" because he received ineffective assistance of counsel.

*Background*

Mr. Pichardo was indicted in the United States District Court for the District of

Puerto Rico and charged with conspiracy to violate the federal hostage taking statute, kidnaping, and

carjacking in violation of 18 U.S.C. §§ 371, 1203 and 2119 and 2, respectively.  He pleaded guilty

to all three counts on March 14, 1997.  On May 28, 2004, the court sentenced him to 60 months in

prison on Count One, 270 months for Count Two, and 180 months on Count Three.  The court

directed the sentences to run concurrently.  Pichardo v.  United States, No. 96-119 (D. Puerto Rico

2004).

A notice of appeal was subsequently filed by counsel for Mr. Pichardo wherein he

claimed "that the district court erred in rejecting his belated request for a downward adjustment for

acceptance of responsibility."  See United States v. Pichardo, No. 97-1951, 1999 WL 542858

(1st Cir.  Mar. 26, 1999) (per curiam).  The First Circuit Court of Appeals summarily rejected

Mr. Pichardo's argument as "groundless" considering the fact that he "never fully acknowledged

either his leadership role in the offenses of conviction or his possession of a weapon during the

commission of the offenses charged."

A motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255 was filed by

Mr. Pichardo some time in the year 2000.  He asserted in the motion that the indictment was

defective, his trial counsel was ineffective, and that he did not knowingly or voluntarily enter his

guilty plea.  The district court denied his claims on September 11, 2000.  Pichardo v.  United States,

No. 00-1282 (D. Puerto Rico 2000).

*Analysis*

In his present petition, Mr. Pichardo maintains that he is entitled to habeas corpus

relief pursuant to 28 U.S.C. 2241 because "a constitutional violation has resulted in the conviction

of one who is actually innocent . . .  of aiding and abetting his codefendants in a carjacking offense

in violation of 18 U.S.C. §§ 2119(1) and 2."  (Mem Support Pet. at 1.)  He maintains that his petition

is "being submitted under the actual innocence gateway announced in Schlup v.  Delo, 513 U.S. 298

2

(1995)."[1] (Mem Support Pet. at 4.)  Based on this premise, he claims that this court is first tasked

to determine if he is actually innocent of aiding and abetting his codefendants in a carjacking before

it can determine that he is entitled to habeas relief.

After outlining all of the relevant facts surrounding the elements of 18 U.S.C. § 2,

as they relate to his role in the crime, Mr. Pichardo concludes that the "evidence demonstrates that

he did not commit an act that contributed to the carjacking offense."  (Mem Support Pet. at 5.)

Although he acknowledges that he pleaded guilty to the crime, he maintains that his plea was not

voluntary, intelligent, or knowing.  When the Assistant United States Attorney allegedly seemed

"surprised" that he would plead guilty to Count Three, his counsel "nearly insisted that Pichardo

pled [sic] guilty to 'all counts.'" (Mem Support Pet. at 7.)  From this, Mr. Pichardo reasons that "the

evidence presented during the Change of Plea Hearing, and the evidence recited in the PSI, requires

this Honorable Court to conclude that he is actually innocent of aiding and abetting his

co-defendants in a carjacking offense." (Mem Support Pet. at 10.)

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to

challenge their convictions or imposition of their sentence shall be filed in the sentencing court

under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United

---

[1]    In Schlup, the Supreme Court held that the standard of Murray v. Carrier, 477 U.S. 478
(1986), which requires a procedurally defaulted habeas petitioner to show that a constitutional
violation has probably resulted in the conviction of one who is actually innocent, rather than the
more stringent Sawyer v. Whitley, 505 U.S. 333, 336 (1992) standard, governs  a miscarriage of
justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence
to avoid a procedural bar to consideration of the merits of constitutional claims. Schlup, 513 U.S.
at 324.

States, 972 F.2d 23, 25-26 (2nd Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

In his petition before this court, Mr. Pichardo directly attacks his conviction based on the assertion that he received ineffective assistance of counsel. This is a matter for which a prisoner should seek relief through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). If, however, a prisoner sets forth that relief under § 2255 is inadequate or ineffective to test the legality of his detention, § 2255 does provide a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

The courts have clarified that § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.),

cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing

relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay,

794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the

petitioner has been denied permission to file a second or successive motion to vacate. See

In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

For reasons unexplained, Mr. Pichardo does not believe he needs to explain why his

relief under § 2255 is inadequate or ineffective.  Instead, he argues that he is "actually innocent" and

is, therefore, entitled to relief as a matter of course.

*Actual Innocence*

If a prisoner can show that an intervening change in the law establishes his actual

innocence he may invoke the savings clause of § 2255 and proceed under § 2241. Martin v. Perez,

319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 461-62 (6th Cir.2001);

see Charles v. Chandler, 180 F.3d 753, 757 (6th Cir.1999).  Although Mr.  Pichardo cites Schlup as

the starting point for this court's analysis of his innocence claim, unlike Schlup, his petition does

not involve a capital crime or an attack on the fundamental fairness of the trial process.  As Justice

Powell concluded in Kuhlmann v. Wilson, 477 U.S. 436 (1986), a prisoner retains an overriding

"interest in obtaining his release from custody if he is innocent of the charge for which he was

incarcerated, [but] . . . [t]hat interest does not extend . . . to prisoners whose guilt is conceded or

plain." Id., at 452.

In the case at bar, Mr. Pichardo entered a guilty plea to a crime that he now claims

he never committed.  As noted above, "actual innocence," for purposes of filing a § 2241 petition

under the savings clause provided by § 2255, means factual innocence, rather than mere legal

insufficiency.  Martin, 319 F.3d at 804.  Therefore, to move forward with his present claim of

innocence, Mr. Pichardo needs to overcome the fact that he originally chose not to assert his right

to a jury trial and maintain his innocence; but instead admitted guilt to all of the crimes outlined in

the indictment filed against him.  Moreover, the relevant facts and the crimes to which he admitted

guilt have not changed since he entered his plea.

By all accounts, it appears that this is Mr. Pichardo's attempt to use § 2241 to obtain

another bite at the post-conviction apple with regard to his claim that he received ineffective

assistance of counsel.  His claim is not based on any new facts or law, and the District Court of

Puerto Rico already decided against Mr. Pichardo on the merits of his ineffective assistance and

involuntary plea claims in a previous § 2255 action.  Considering the fact that the trial court rejected

any claim that his attorney is responsible for his decision to admit guilt, there is no basis upon which

this court can revisit that determination.  Finally, although a § 2255 motion would be the proper

vehicle for challenging the validity of a conviction and sentence under these circumstances, this

court declines to construe the petition as such.[2]

---

[2]      In In re Shelton, 295 F.3d 620 (6th Cir.2002), the Sixth Circuit held that, with regard to
pro se litigants in particular, "'[D]istrict courts should not recharacterize a motion purportedly made
under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the
potential adverse consequences of such recharacterization, agrees to have the motion so
recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be
considered as made under § 2255 because of the nature of the relief sought, and offers the movant
the opportunity to withdraw the motion rather than have it so recharacterized.'" Id. at 622 (citing
Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)). Unless such a warning is provided, a
re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on
successive motions.

Based on the foregoing, the petition will be dismissed pursuant to 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated:  May 4, 2006                                     /s/  John R. Adams
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE